Jennie Kozeneski v. Commissioner.
Kozeneski v. Commissioner
Docket No. 23039.
United States Tax Court
1950 Tax Ct. Memo LEXIS 101; 9 T.C.M. (CCH) 753; T.C.M. (RIA) 50214; September 12, 1950
*101 Alec C. Stein, Esq., for the petitioner. William C. W. Haynes, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $236.00 in the petitioner's income tax for 1945. The only issue for decision is whether she is entitled to exemptions of $500 for her father, mother, and minor brother as dependents under section 25 (b) (1) (C). Findings of Fact The petitioner filed her individual return for 1945 with the collector of internal revenue at Boston, Massachusetts. She was paid wages of $1,872.93 during 1945. She lived with her father, her mother, her 16-year-old brother, her stepsister, and, for three months of the year, her married sister, in a house owned by her father. The stepsister did not contribute to the support of the others in the household during 1945 but paid $6.00 a week toward her own board and lodging. The married sister made some contributions toward the household expenses but in a relatively small amount. The petitioner's father, who was 67 years of age, was suffering from cancer in 1945 and died from that cause in 1948. His gross income for 1945 was less than $500. Over one-half *102 of his support for 1945 was received from the petitioner. The petitioner's mother, who was 56 years of age, was not in good health during 1945. She had no gross income of her own. She received over half of her support during 1945 from the petitioner. The petitioner's brother was 16 years old in 1945. He attended school. He had no gross income during that year. He received over one-half of his support during 1945 from the petitioner. The Commissioner, in determining the deficency, disallowed the exemption which the petitioner had claimed for her father, her mother, and her brother, as dependents. They were her dependents. Opinion MURDOCK, Judge: The petitioner testified that neither her mother nor her brother had any gross income for 1945, her father's gross income was less than $500.00, and she had paid more than one-half of their living expenses and other expenses during 1945. There is no evidence to the contrary. She is entitled to the three exemptions claimed. Decision will be entered under Rule 50.